UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 09-CR-0109 (27) (JNE); 16-CV-2444 (JNE) |
| Plaintiff, | |
| v. | ORDER |
| EMETERIO OCHOA MUNOZ, | |
| Defendant. | |

---

On June 20, 2016, defendant Emeterio Ochoa Munoz filed a "petition for writ of [certiorari]" referencing *Johnson v. United States*, 135 S. Ct. 2551 (2015), and seeking relief from the sentence imposed in this matter. *See* ECF No. 1316. This Court noted that the relief requested in that petition could only be pursued in a motion under 28 U.S.C. § 2255 and warned Ochoa Munoz that, unless directed otherwise, the Court would interpret his petition as a § 2255 motion. *See* ECF No. 1317. Instead of responding directly to the order,[1] Ochoa Munoz filed *another* motion pursuant to § 2255 raising an additional three grounds for relief from his sentence. *See* ECF No. 1319. These claims,unlike the claim in the first petition, do not purport

---

[1] Because Ochoa Munoz did not object to the recharacterization of his petition for certiorari as a motion under § 2255, the Court will treat the petition as such, and the petition will be governed by same procedural limitations that govern § 2255 motions. *Cf. United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) ("It is well-established that inmates may not bypass [statutory restrictions on § 2255 motions] by purporting to invoke some other procedure.").

to be raised pursuant to *Johnson*.² *Id*. Those motions are now pending and before the Court for consideration.

To begin, this Court notes that Ochoa Munoz previously sought relief under § 2255 in 2014. *See* ECF No. 1246. That motion was denied as untimely pursuant to § 2255(f), *see* ECF No. 1252, as it was filed more than one year from the latest of:

> (1) the date on which the judgment of conviction [became] final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Only § 2255(f)(1) was relevant to the § 2255 motion filed in 2014, as Ochoa Munoz did not allege that the government had impeded his right to pursue collateral relief, was not invoking a newly recognized right, and was not relying upon newly discovered facts. Because the 2014 motion was filed more than one year after the date on which Ochoa Munoz's conviction became final, he was ineligible for relief under § 2255.

---

²Ochoa Munoz argues in his most recent motion [ECF No. 1319] that (1) the government did not meet its burden of proof in establishing one of the enhancements applied by this Court under the Sentencing Guidelines; (2) his sentence is discriminatory because, in his view, it is disproportionate with the sentence of a co-conspirator; and (3) his attorney provided inadequate assistance during plea negotiations.

Both of Ochoa Munoz's pending motions, of course, were also filed more than one year after the date on which the judgment of conviction became final. Neither § 2255(f)(2) nor § 2255(f)(4) are applicable to any of the more recent claims. Accordingly, the claims raised in Ochoa Munoz's two pending motions are timely only if they rely upon a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The three claims in Ochoa Munoz's most recent motion [ECF No. 1319] — that the government did not meet its burden of proof, that his sentence was discriminatory, and that his counsel was ineffective — could have been raised at any time following his conviction. Because those claims are not based on rights newly recognized by the Supreme Court, they are governed by § 2255(f)(1) and are untimely under that provision.

The claim raised in Ochoa Munoz's "petition for writ of [certiorari]" is putatively based on *Johnson*, which established a new rule that has been recognized by the Supreme Court to apply retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Ochoa Munoz submitted his petition within one year of the Supreme Court's decision in *Johnson*. Accordingly, this claim might appear to be timely under § 2255(f)(3) at first blush, although it is being raised well over a year after the date on which Ochoa Munoz's conviction became final.

But despite the references to *Johnson*, Ochoa Munoz's claim in actuality has little to do with that case. Federal law prohibits felons from possessing firearms. See 18 U.S.C. § 922(g)(1). Usually, this offense is punishable by up to 10 years' imprisonment, *see* 18 U.S.C. § 924(a)(2), but under the Armed Career Criminal Act ("ACCA"), a felon in possession of a

firearm who has three previous convictions for violent felonies or serious drug offenses *may* be imprisoned for life, and *must* be imprisoned for 15 years, *see* 18 U.S.C. § 924(e).

The term "violent felony," as used in § 924(e), is defined by that provision as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court found that the language italicized above — the so-called residual clause of the ACCA — is unconstitutionally vague. Convictions under the ACCA obtained through reliance upon the residual clause are therefore invalid.

Ochoa Munoz was not convicted under the ACCA; he pleaded guilty to possession of cocaine with intent to distribute. Nor does Ochoa Munoz allege that he was unlawfully sentenced under a provision like that struck down in *Johnson* and thus (perhaps) similarly invalid.[3] Instead, Ochoa Munoz argues against the Court's application of U.S.S.G.

---

[3]For example, § 4B1.1 of the United States Sentencing Guidelines creates enhanced recommended sentences for "career offenders." The definition of "career offender" provided in § 4B1.2(a) uses language identical to the now-invalidated residual clause of the ACCA. The question of whether the § 4B1.2(a) residual clause is also invalid after *Johnson* is currently before the Supreme Court. *See Beckles v. United States*, – S. Ct. – , 2016 WL 1029080 (June 27,

(continued...)

§ 2D1.1(b)(1), which provides for a 2-point sentencing enhancement "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant during the commission of the offense.

It is difficult to see what *Johnson* has to do with § 2D1.1(b)(1). Again, *Johnson* invalidated the phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" as used in the ACCA. That phrase does not appear in § 2D1.1(b)(1). The only connection between *Johnson* and § 2D1.1(b)(1) is that both concern unlawful possession of a firearm. But this glancing similarity, taken alone, does not transform Ochoa Munoz's claim that the Court should not have applied § 2D1.1(b)(1) at sentencing into a claim under the new rule established by *Johnson*. Because the claim is not truly based upon *Johnson*, it does not get the benefit of the new one-year limitations period established by § 2255(f)(3) and is therefore, like Ochoa Munoz's other claims, untimely.[4]

Nevertheless, this Court does not dismiss Ochoa Munoz's pending motions on the basis of the limitations period. The Court has already explained that Ochoa Munoz previously filed a motion under § 2255(f) that was dismissed as untimely. Under § 2255(h), "[a] second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before the petitioner may proceed in district court. Circuit courts have generally concurred that a later petition for collateral relief is to be considered "second or

---

[3](...continued)
2016). Ochoa Munoz was found at sentencing to be a career offender, but the felony drug offenses used to establish that enhancement did not fall within the residual clause of § 4B1.2(a), and Ochoa Munoz does not challenge his designation as a career offender.

[4]The claim also lacks merit. Although this Court did find that § 2D1.1(b)(1) applied to Ochoa Munoz's sentence, that finding was irrelevant to the disposition of this case, as Ochoa Munoz was sentenced under the career-offender provision of the Sentencing Guidelines, which ultimately superceded the application of § 2D1.1.

successive" if an earlier petition is dismissed as untimely. *See, e.g.*, *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009); *Villanueva v. United States*, 342 F.3d 55, 61 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). The Eighth Circuit has agreed, albeit in an unpublished decision. *See Diaz-Diaz v. United States*, 297 Fed. App'x 574, 575 (8th Cir. 2008) (per curiam). Ochoa Munoz did not seek authorization from the Eighth Circuit before filing the pending motions that seek to vacate, set aside, or correct his sentence. If his pending motions are deemed "second or successive" under § 2255(h), then this Court cannot consider them until Ochoa Munoz receives the necessary authorization from the Eighth Circuit. And because this limitation is jurisdictional, *see United States v. Lee*, 792 F.3d 1021, 1022 (8th Cir. 2015), the Court must dismiss the motions on that basis if the motions are, in fact, "second or successive."

This Court has addressed the issue of timeliness first, before the issue of whether Ochoa Munoz's motions are second or successive, because it is not altogether clear if the motions *would* have been second or successive had those claims been governed by § 2255(f)(3). Many of the cases finding that an earlier dismissal for untimeliness triggers the statutory limitations second or successive petitions for collateral relief do so because, it is said, untimeliness is a procedural hurdle that may never be overcome by the prisoner, and therefore a dismissal for untimeliness constitutes a disposition on the merits. *See McNabb*, 576 F.3d at 1030 ("[D]ismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims. . . . We therefore hold that dismissal . . . for failure to comply with the statute of limitations renders subsequent petitions second or successive . . . ." (Citation omitted)); *Villanueva*, 342 F.3d at 61 ("[U]nlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected.");

*Altman*, 337 F.3d at 766 ("Mr. Altman can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely."); *Thompson v. United States*, No. 4:10CV1571 CDP, 2011 WL 6217065, at *2-3 (E.D. Mo. Dec. 14, 2011). But this assumes that a claim's timeliness will forever be governed only by § 2255(f)(1); after all, the date on which a conviction becomes final may only slip further into the past, and a prisoner cannot go back in time to file a petition closer to that date.

The vast majority of claims brought pursuant to § 2255 are governed by § 2255(f)(1), and so a finding of untimeliness under that provision will usually act as a "permanent and incurable" bar. *McNabb*, 576 F.3d at 1030. Not always, though. Had Ochoa Munoz in his first § 2255 motion submitted a claim for relief setting forth the arguments vindicated in *Johnson*, that claim would have been denied, like the others, as untimely under § 2255(f)(1). The claim would not yet have been on the basis of a new rule made retroactive to cases on collateral review, as *Johnson* had not yet been decided; Ochoa Munoz would be seeking an extension of the law, not the application of a non-yet-existing new rule. After *Johnson* was decided, though, the claim would be relying upon a newly recognized right, and § 2255(f)(3) would provide an additional year in which to assert the claim.

In other contexts, motions for collateral relief are sometimes not treated as "second or successive" where a purely procedural limitation has since been removed. For example, prisoners held pursuant to a criminal judgment entered in state court usually must first exhaust available remedies in state court before seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b). A habeas petition containing claims that have not been (but still could be) exhausted in the state courts must be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509 (1982).

Where a prisoner's first habeas petition is dismissed for failure to exhaust, a subsequent habeas petition is not "second or successive" and therefore does not require pre-authorization from the applicable court of appeals. *See Slack v. McDaniel*, 539 U.S. 473, 488 (2000).

A scenario where a petitioner's first motion under § 2255 is dismissed for untimeliness, but a claim available to that petitioner later *becomes* timely under § 2255(f)(3), is not altogether dissimilar. At a minimum, the most commonly provided explanation as to why a finding of untimeliness constitutes a finding on the merits (and thus that a subsequent motion for collateral relief requires authorization) — the permanence of the procedural barrier — does not apply. If the second-filed motion under § 2255 is "second or successive," it cannot be *solely* because the limitations period is insuperable, since that hurdle will, in fact, have been overcome.

All that said, the Court need not (and does not) answer at this time the question of whether a prisoner's second-filed § 2255 motion is "second or successive" within the meaning of the statute when (1) the prisoner's previous § 2255 motion was dismissed solely for untimeliness and (2) the claim raised in the second-filed motion is timely under § 2255(f)(3). The claims raised in Ochoa Munoz's pending motions, despite his invocations of *Johnson*, are not based on a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Each of the claims brought by Ochoa Munoz is governed by § 2255(f)(1) and is therefore raised within a "second or successive" § 2255 motion. *See Diaz-Diaz*, 297 Fed. App'x at 575. This Court therefore lacks jurisdiction to adjudicate those motions, as the Eighth Circuit has not authorized the claims. Further, the Court will not transfer the motions to the Eighth Circuit for consideration of whether to authorize the claims, which do not meet the criteria for second or successive motions for relief under § 2255. *See* 28

U.S.C. § 2255(h).  And because it is highly unlikely that any other court, including the Eighth Circuit, would grant Ochoa Munoz relief, this Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1); *Slack*, 529 U.S. at 484 (2000).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Emeterio Ochoa Munoz's motions for relief under 28 U.S.C. § 2255 [ECF Nos. 1316 & 1319] are DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 29, 2016                                    s/Joan N. Ericksen
                                                        Joan N. Ericksen
                                                        United States District Court Judge